1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                        DISTRICT OF NEVADA

8                              * * *

9   MARTIN SALAZAR CASTRO,                Case No. 2:16-cv-01237-MMD-GWF

10                          Petitioner,              ORDER

        v.
11
    DWIGHT NEVEN, et al.,
12
                         Respondents.
13

14          This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed

15  by Nevada state prisoner Martin Salazar Castro is before the Court on respondents'

16  motion to dismiss part of Ground 2.  (ECF No. 12.)

17  **I.      PROCEDURAL HISTORY AND BACKGROUND**

18          On March 22, 2010, a jury convicted Castro of count 1: conspiracy to commit

19  robbery; count 2: burglary while in possession of a deadly weapon; counts 3-6: first-

20  degree kidnapping with use of a deadly weapon; counts 7-8: robbery with use of a

21  deadly weapon; count 9: conspiracy to commit sexual assault; counts 10, 12, 13: sexual

22  assault with use of a deadly weapon; count 11: attempted sexual assault with use of a

23  deadly weapon; counts 14-15: battery with intent to commit sexual assault with use of a

24  deadly weapon; counts 16-19: battery with use of a deadly weapon; and counts 20-23:

25  open or gross lewdness with use of a deadly weapon (Exh. 46).[1] The state district court

26  sentenced Castro to terms that amount to about twenty-five years to life, with 908

27
        ---
        [1]Exhibits referenced in this order are exhibits to respondents' motion to dismiss,
28  ECF No. 12, and are found at ECF Nos. 13-17.

days' credit for time served (ECF No. 7 at; Exh. 51). Judgment of conviction was filed on August 9, 2010. (Exh. 51.)

The Nevada Supreme Court affirmed the convictions on March 30, 2012. (Exh. 56.) Remittitur issued on May 1, 2012. (Exh. 57.)

Castro filed a proper person state postconviction petition for writ of habeas corpus. (Exh. 58.) The state district court appointed counsel, who filed a supplemental petition, and the court held an evidentiary hearing. (Exhs. 65, 67, 68.) The state district court denied Castro's postconviction petition on April 28, 2014. (Exh. 69.) The Nevada Supreme Court affirmed the denial of the petition on December 18, 2015, and remittitur issued on January 15, 2016. (Exhs. 74, 75.)

Castro dispatched his federal habeas petition for filing on or about May 25, 2016 (ECF No. 7). Respondents now argue that Grounds 2(B) and 2(C) are subject to dismissal as unexhausted (ECF No. 12).

## II.    LEGAL STANDARDS & ANALYSIS

### A.    Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised

2

in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

### B.    Ground 2

Castro sets forth three claims in Ground 2.  In Ground 2(A) he alleges that trial counsel rendered ineffective assistance by failing to investigate the criminal histories of state witnesses Wyzga, Marquez and Tigrett (ECF No. 7 at 14-16). In Ground 2(C) he argues that counsel was ineffective for failing to file motions to admit prior bad acts of

the victims. (*Id.* at 18-19.) In Ground 2(B) Castro appears to claim that, due to the trial court or the state's error, exculpatory photographs were missing at trial. (*Id.* at 16-17.) Ground 2(B) also appears to set forth a claim that trial counsel was ineffective for failing to locate and/or use the photos at trial. (*Id.*)

Respondents argue that Grounds 2(B) and 2(C) are unexhausted (ECF No. 12 at 12).[2] This Court has reviewed the state-court record and agrees with respondents that Castro did not present the claims in federal Grounds 2(B) and 2(C) to the highest state court. (*See* Exhs. 53, 71.) Accordingly, Grounds 2(B) and 2(C) are unexhausted.

## III.    PETITIONER'S OPTIONS REGARDING UNEXHAUSTED CLAIMS

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy,* 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court finds that grounds 2(B) and 2(C) are unexhausted. Because the Court finds that the petition contains unexhausted claims, petitioner has these options:

> 1.    He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;
>
> 2.    He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or
>
> 3.    He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for

---

[2]The Court follows respondents' labeling of the subparts of Ground 2.

4

the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

In response to respondents' motion to dismiss, petitioner filed a motion for stay and abeyance (ECF No. 18). Respondents opposed the motion (ECF No. 19), contending in part that the motion was premature. This Court agrees. Castro's motion for stay and abeyance will be denied without prejudice. Castro may file a renewed motion for stay and abeyance, if any, in accordance with this order.

If petitioner wishes to ask for a stay, he must file a new motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court, and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless. Respondent would then be granted an opportunity to respond, and petitioner to reply. Or petitioner may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

## IV. CONCLUSION

It is therefore ordered that respondents' motion to dismiss (ECF No. 12) is granted as follows: Grounds 2(B) and 2(C) are unexhausted.

It is further ordered that petitioner will have thirty (30) days to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the

exhausted grounds; or (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; or (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.

It is further ordered that if petitioner elects to abandon his unexhausted grounds, respondents will have thirty (30) days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer must contain all substantive and procedural arguments as to all surviving grounds of the petition, and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that petitioner will have thirty (30) days following service of respondents' answer in which to file a reply.

It is further ordered that petitioner's motion for production of transcripts and documents (ECF No. 10) is denied.

It is further ordered that petitioner's motion for stay and abeyance (ECF No. 18) is denied without prejudice as set forth in this order.

It is further ordered that petitioner's motion for judicial notice (ECF No. 20) is denied as moot.

It is further ordered that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

It is further ordered that the Clerk send to petitioner one copy of his motion to stay (ECF No. 18).

DATED THIS 7th day of August 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE