UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MARTIN SALAZAR CASTRO,

    Petitioner,

v.

DWIGHT NEVEN, *et al.*,

    Respondents.

Case No. 2:16-cv-01237-MMD-GWF

ORDER

This is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Nevada state prisoner Martin Salazar Castro ("Castro" or "Petitioner"). On March 22, 2010, a jury convicted Castro of numerous charges related to the armed robbery and sexual assaults of four individuals who were having a barbecue at their house, which contained a marijuana grow room (exhibit 46 to Respondents' motion to dismiss, ECF No. 12). Before the Court is Castro's motion for a stay and abeyance in accordance with *Rhines v. Weber,* 544 U.S. 269 (2005), in order that he may exhaust all grounds of the petition (ECF No. 27). Respondents opposed (ECF No. 28), and Castro replied (ECF No. 29).

In *Rhines* the Supreme Court placed limitations upon the discretion of federal courts to facilitate habeas petitioners' return to state court to exhaust claims. The Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.

> Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Supreme Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Under *Rhines*, this Court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Id.* at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Id.* An indication that the standard is not particularly stringent can be found in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where the Supreme Court stated that: "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust." *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278); *see also Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005) (stating that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*).

In its order dated August 7, 2017, this Court granted Respondents' motion to dismiss in part and concluded that grounds 2(B) and 2(C) were unexhausted. (ECF No.

///

2

22.) In ground 2(B) Castro claims that, due to the trial court or the state's error, exculpatory photographs were missing at trial. (ECF No. 7, pp. 16-17.) Ground 2(B) also appears to set forth a claim that trial counsel was ineffective for failing to locate and/or use the photos at trial. (*Id.*) In ground 2(C) petitioner argues that counsel was ineffective for failing to file motions to admit prior bad acts of the victims. (*Id.* at 18-19.)

In *Martinez v. Ryan*, the Supreme Court held that the failure to appoint counsel or the ineffective assistance of counsel (IAC) in a state postconviction proceeding may establish cause to overcome procedural default of a claim of ineffective assistance of trial counsel. 132 S.Ct. 1309, 1315, 1318 (2012). The Ninth Circuit then held in *Blake* that a valid claim of ineffective assistance of state postconviction counsel under *Martinez* (which would also encompass the absence of counsel) that would establish "cause" for overcoming a default would also be sufficient to justify a stay for purposes of exhausting the petitioner's claims. *Blake*, 745 F.3d at 983-84 (holding that "cause" under *Rhines* "cannot be any more demanding" than the *Martinez* standard); *id.* at 984 n.7 (noting that the Supreme Court has suggested the *Rhines* standard is more liberal).

Here, in his motion for stay Castro mainly re-asserts his arguments that the claims are exhausted. To the extent that Castro references *Martinez*, *Martinez* would only potentially apply to the IAC claims, not the trial court or state error alleged in part of ground 2(B).

In any event, Castro has failed to demonstrate that the IAC claims are not plainly meritless. The basis for ground 2(B) is that Castro wanted counsel to introduce photographs that allegedly were taken in the marijuana grow room of the house and depicted a white board that listed the names of the female burglary/assault victims and "the quantity of drugs and the money that they owed." (ECF No. 7 at 16.) In ground 2(C) Castro complains that counsel should have filed a motion to introduce the following bad acts of the victims—the victims' removing illegal items before calling the police; evidence related to the specifics of their prior felony convictions, and evidence of one of
///

3

the victim's plea agreement. *Id.* at 18. Respondents point out that such evidence was inadmissible. *See* NRS § 50.085 (providing that "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's credibility, other than conviction of crime, may not be proved by extrinsic evidence"). Notably, Castro conceded in his petition that his counsel believed that such evidence was inadmissible under the Nevada evidence rules. (ECF No. 7 at 19.) The Court also notes that such evidence was not "exculpatory."

Accordingly, Petitioner's motion for a stay and abeyance of this federal habeas corpus proceeding is denied. Castro must now either (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims.

It is therefore ordered that that Petitioner's motion for stay and abeyance (ECF No. 27) is denied.

It is further ordered that Petitioner will have thirty (30) days to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims.

It is further ordered that if Petitioner elects to abandon his unexhausted grounds, Respondents will have thirty (30) days from the date Petitioner serves his declaration of abandonment in which to file an answer to Petitioner's remaining grounds for relief. The answer must contain all substantive and procedural arguments as to all surviving grounds of the petition, and must comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254.

///

4

It is further ordered that Petitioner will have thirty (30) days following service of Respondents' answer in which to file a reply.

It is further ordered that if Petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED THIS 25th day of July.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE